[604 NYS2d 774]

In the Matter of PAUL B. DONOHUE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 25, 1993

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Gloria A. Bunze* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court, dated May 27, 1993, the respondent was immediately suspended from the practice of law based upon his failure to cooperate with the lawful demands of the Grievance Committee with respect to its investigation into allegations of his professional misconduct. The petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent and the matter was referred to the Honorable Luigi R. Marano, as Special Referee to hear and report.

A notice of petition and petition containing 18 charges of professional misconduct was served upon the respondent along with the order to show cause seeking his suspension. The respondent was personally served with the order of suspension on June 11, 1993. By the terms of the order, the respondent was to submit an answer within 10 days of his receipt of the order. No answer was forthcoming. The petitioner now moves to impose discipline upon the respondent based upon his default. The respondent admitted service of the notice of motion papers in support of the motion for leave to enter an order on default on June 28, 1993. The respondent has failed to submit any papers in opposition to the motion.

The charges involve neglect, failure to communicate with clients, failure to cooperate, collection of an illegal or excessive fee, failure to account for escrow funds and failure to register with the Office of Court Administration.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Since the respondent has chosen not to appear or to answer these charges, the charges must be deemed established. The petitioner's motion for leave to enter an order on default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Paul B. Donohue, is disbarred

and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Paul B. Donohue is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.